Earl G. Peck, MGen., USAF(Ret.) Executive Director Department of Veterans' Affairs Post Office Box 31003 St. Petersburg, Florida 33731-8903
Dear Major General Peck:
You ask substantially the following question:
May a county or city veteran service officer acting in either his official or personal capacity receive a fiduciary commission for acting as a fiduciary for an incompetent veteran?
In sum:
A county or city veteran service officer acting in his official capacity may not receive a commission for representation of an incompetent veteran, nor may such an officer receive compensation for assistance provided to veterans on his personal[M time.
Section 292.05, Fla. Stat. (1993), provides:
The Department of Veterans' Affairs shall provide assistance to all former, present, and future members of the Armed Forces of the United States and their dependents in preparing claims for and securing such compensation, hospitalization, vocational training, and other benefits or privileges to which such persons or any of them are or may become entitled under any federal or state law or regulation by reason of their service in the Armed Forces of the United States. All services rendered under this subsection shall be without charge to the claimant.
To further assist veterans, s. 292.10, Fla. Stat. (1993), grants to each board of county commissioners and to the governing body of each city "full and complete power and authority to aid and assist wherever practical and feasible the veterans, male and female, who have served in the Armed Forces of the United States in any war and received an honorable discharge. . . ." Each county and city is also authorized to employ a veteran service officer who has been certified by the Department of Veterans' Affairs (department) as eligible for such position.[1] Moreover, any person employed as a county or city veteran service officer under Chap. 292, Fla. Stat. (1993), is subject to the rules prescribed by the department to carry out the provisions of the chapter.[2]
Where a statute directs how a duty or power is to be exercised, no other manner may be implied.[3] Thus, a county or city veteran service officer employed under the provisions of Chap. 292, Fla. Stat. (1993), must carry out his or her duties as prescribed in that chapter and any rules promulgated by the Department of Veterans' Affairs.
Acting on behalf of the county or city, a veteran service officer is charged with assisting qualified veterans or their dependents in presenting claims for and securing compensation for benefits to which they are entitled under state and federal law.[4] Pursuant to federal law, payments of federal benefits to incompetent veterans may be made to a fiduciary.[5] When it is determined to be in the best interest of the veteran, the Secretary of the United States Department of Veterans Affairs (VA) may authorize payments of a commission to the fiduciary of a veteran.[6]
Pursuant to federal regulations, a VA veterans services officer is authorized to select and appoint, or in the case of a court-appointed fiduciary, to recommend for appointment, the person or legal entity best suited to receive VA benefits in a fiduciary capacity for a veteran or his dependents.[7]
While the VA veterans services officer is authorized to determine when a fee is necessary in order to obtain the services of a fiduciary, a VA-appointed fiduciary is encouraged to serve without a fee.[8] Furthermore, the VA veterans services officer "may not authorize a commission to a fiduciary who receives any other form of remuneration or payment in connection with rendering fiduciary services on behalf of the beneficiary."[9]
It would appear, therefore, that federal regulations governing the payment of commissions to a VA-appointed fiduciary do not authorize such payments to a person currently receiving compensation for providing services to a veteran.
Section 292.13, Fla. Stat. (1993), provides:
All services performed by any county or city veteran service officer employed hereunder for any veteran or his or her dependents shall be rendered without charge to said veteran or said dependents.
The Legislature has made it clear that the services provided by a veteran service officer employed pursuant to Chap. 292, Fla. Stat. (1993), should not be charged against the veteran. To allow a county or city veteran service officer to be paid a commission charged against the benefits that a veteran receives violates the intent and purpose of the statute and the federal act. It would be unauthorized, therefore, for a county or city veteran service officer to receive a commission as the fiduciary of a veteran.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 292.11, Fla. Stat. (1993).
[2] Section 292.11(3), Fla. Stat. (1993).
[3] See, Alsop v. Pierce, 19 So.2d 799, 805 (fla. 1944) (when the Legislature directs how a thing should be done, it is, in effect, a prohibition against its being done in any other way).
[4] Section 292.10, Fla. Stat. (1993).
[5] 38 U.S.C. § 5502.
[6] 38 U.S.C. § 5502(a)(2), states:
In a case in which the Secretary determines that a commission is necessary in order to obtain the services of a fiduciary in the best interests of a beneficiary, the Secretary may authorize a fiduciary appointed by the Secretary to obtain from the beneficiary's estate a reasonable commission for fiduciary services rendered, but the commission for any year may not exceed 4 percent of the monetary benefits under laws administered by the Secretary paid on behalf of the beneficiary to the fiduciary during such year.
[7] 38 C.F.R. Ch. 1, s. 13.55(a).
[8] 38 C.F.R. Ch. 1, s. 13.64.
[9] Id, 38 C.F.R. Ch. 1, s. 13.64(c), states that commissions may not be authorized to dependents of a beneficiary or other close relatives acting in a fiduciary capacity on behalf of the beneficiary, except under extraordinary circumstances.